12-3637
Subba v. Holder

A087 445 616

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand fourteen.

PRESENT:
      ROSEMARY S. POOLER,
      DEBRA ANN LIVINGSTON,
      DENNY CHIN,
        *Circuit Judges.*

_____

RATNA SUBBA,
      *Petitioner,*

      v.                         12-3637
                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Ramesh K. Shrestha, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; David V. Bernal, Assistant Director; Lindsay W. Zimliki, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ratna Subba, a native and citizen of Nepal, seeks review of an August 14, 2012, decision of the BIA denying her motion to reopen. *In re Ratna Subba*, No. A087 445 616 (B.I.A. Aug. 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). The BIA did not abuse its discretion in denying Subba's motion to reopen because she failed to rebut the agency's underlying adverse credibility determination. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005). Although, as she asserts, the IJ found her credible as to the fact that she was a teacher in Nepal, the IJ nevertheless rejected as not credible her assertions that Maoists had harmed her and threatened to harm her, irrespective of whether they were motivated by her status as

2

a teacher or her political affiliation.  Moreover, Subba did not submit to the BIA any new, objective evidence regarding Maoists' treatment of teachers in Nepal.  *Cf. Paul v. Gonzales*, 444 F.3d 148, 152-55 (2d Cir. 2006) (concluding that the BIA abuses its discretion in denying a motion to reopen based solely on a failure to rebut an underlying adverse credibility determination if the movant was found credible regarding his or her possession of a characteristic, such as practicing a religion, and the movant presents new, objective evidence regarding the persecution of individuals possessing that characteristic).  Accordingly, the BIA did not abuse its discretion in denying Subba's motion to reopen.  *See Kaur*, 413 F.3d at 234; *see also* 8 U.S.C. § 1229a(c)(7)(B).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3